IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID D. KELLAR,

    Plaintiff,

v.                                             Civil Action No. 5:06CV57
                                                      (STAMP)

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## AFFIRMING AND ADOPTING REPORT AND
## RECOMMENDATION OF MAGISTRATE JUDGE

### I. Procedural History

Plaintiff, David D. Kellar (also known as the claimant), filed an action in this Court on May 10, 2006, seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B).

Plaintiff filed a motion for summary judgment on September 11, 2006. The Commissioner filed a cross-motion for summary judgment on October 4, 2006. On March 27, 2007, the magistrate judge filed a report recommending that the plaintiff's motion for summary judgment be granted in part and denied in part and the case be remanded to the Administrative Law Judge ("ALJ") solely for consideration of whether the plaintiff was under a disability after

he lost the use of his hearing aid. In accordance with this ruling, the magistrate judge recommended that the Commissioner's motion for summary judgment be granted in part and denied in part.

Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by either party.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which an objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and under these circumstances the parties' right to de novo review is waived. See Webb v. Califano, 486 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

Plaintiff filed an application for Social Security Disability Insurance Benefits and Supplemental Security Income on September 8, 2003, alleging disability since August 15, 2003. The claim was denied initially and on reconsideration. Plaintiff received a

2

hearing before an ALJ on July 29, 2005. The ALJ issued a decision adverse to the plaintiff on August 18, 2005. Plaintiff requested review by the Appeals Council, which denied the plaintiff's request on March 9, 2006. Plaintiff then filed this action.

### III. Applicable Law

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

### IV. Discussion

In his motion for summary judgment, the plaintiff argues that the ALJ erred in considering his credibility. Specifically, the plaintiff argues that: (1) the ALJ failed to sufficiently evaluate the evidence before finding the impairments that the plaintiff alleged were less than fully credible; and (2) the ALJ made an erroneous evaluation of the plaintiff's daily activities. The Commissioner disputes the plaintiff's claims. He argues that the

3

record shows that the ALJ fully and properly considered the evidence before making a determination about the plaintiff's credibility. The Commissioner further states that the ALJ's factual decisions are reviewed only for substantial evidence and his legal decisions de novo. Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).

A.  Sufficiency of ALJ's Evaluation

The Fourth Circuit stated the standard for evaluating a claimant's subjective complaints in Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Under Craig, when a claimant alleges a disability stemming from subjective symptoms, he must first show the existence of a medically determinable impairment that could cause the symptoms alleged. Id. at 594. The ALJ must "expressly consider" whether a claimant has such an impairment. Id. at 596. If the claimant makes this showing, the ALJ must consider all of the evidence, including the claimant's statements about his symptoms, in determining whether the claimant is disabled. Id. at 595.

While the ALJ must consider the claimant's statements, he need not credit them to the extent they are inconsistent with the objective medical evidence or to the extent that the underlying objective medical impairment could not reasonably be expected to cause the symptoms alleged. Id. However, subjective symptoms "may not be dismissed merely because objective evidence of the pain

itself . . . are not present to corroborate the existence of pain."
Id.

The ALJ satisfied the first step of <u>Craig</u> by expressly considering whether the claimant has impairments that could be expected to produce the symptoms alleged. <u>Id.</u> at 596. The ALJ stated that "[t]he claimant has the aforementioned severe physical impairments that could reasonably be expected to produce symptoms of he [sic] nature alleged, but not of the intensity or duration alleged by the claimant." (Tr. 19.) (citations omitted). Plaintiff has not challenged the ALJ's application of the law at this step.

The ALJ also evaluated a significant amount of evidence at the second step of the <u>Craig</u> inquiry. As the plaintiff admits, the ALJ discussed the plaintiff's activities of daily living. (<u>Id.</u>) <u>Craig</u> provides that "evidence of the claimant's daily activities" should be considered. <u>Craig</u>, 76 F.3d at 595. Evidence of daily activities may show that a person is not disabled. <u>Hunter v. Sullivan</u>, 993 F.2d 31, 35 (4th Cir. 1992). The ALJ stated that the plaintiff "engages in significant daily activities as detailed above, including driving his wife to work, taking care of his children, doing household chores, hunting, fishing and visiting friends. He was even driving a car in a demolition derby at a fair in August 2004." (Tr. 19.)

Plaintiff stated that he participated in the demolition derby out of an impulsive instinct. (Tr. 463.) He also testified that he cares for his two sons for seven hours per day and visits friends at least once a week. (Tr. 453.) Further, he went hunting four times and fishing two times in the year prior to the administrative hearing. The ALJ considered this evidence as tending to show that the plaintiff was not disabled. Hunter, 993 F.2d at 35.

Although the plaintiff argues that the ALJ failed to consider evidence besides the plaintiff's daily living activities, the magistrate judge found this argument was without merit. Immediately after discussing the plaintiff's daily living activities, the ALJ stated that he gave controlling weight to the opinion of the plaintiff's treating physician, Lance D. Dubberke, M.D. Dr. Dubberke found that the plaintiff could perform sedentary work. (Tr. 19, 339.) He stated that the plaintiff had no "neurologic deficits, myopathy, or atrophy signs" and no strength impairment. (Tr. 339.) He further stated that the plaintiff has the ability to "sit, stand, and walk reasonably well." (Id.)

This Court finds that it was proper for the ALJ to give controlling weight to the opinion of the plaintiff's treating physician. Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005)(stating that "[c]ourts often accord 'greater weight to the testimony of a treating physician' because the treating physician

6

has necessarily examined the applicant and has a treatment relationship with the applicant.")

The ALJ also considered the plaintiff's mental impairments. (Tr. 18-20.) The ALJ noted that the plaintiff's treating mental health physician determined that the plaintiff suffered from "major depression, impulsive control disorder and panic disorder." (Tr. 18, 337.) The ALJ also noted that Dr. Dubberke stated that he did not believe that the plaintiff could maintain gainful employment due to his mental impairments. (Tr. 18, 337.) Due to the wide range of the plaintiff's activities, the ALJ declined to credit the physician's opinion that the plaintiff could not maintain gainful employment. The ALJ determined that the plaintiff's mental impairments posed only moderate limitations. (Tr. 18.) The impairments did not prevent him from simple, sedentary work. (Tr. 19.) This Court finds that the ALJ was not required to credit a physician's opinion as to legal disability where other evidence indicated that the plaintiff was not disabled, as here. 20 C.F.R. § 404.1527(e)(1).

The ALJ also evaluated the plaintiff's hearing loss. The ALJ correctly stated that the plaintiff's hearing loss was "severe to profound." (Tr. 18, 417.) This Court finds, however, that the ALJ failed to evaluate the credibility of the plaintiff's limitations in hearing without his hearing aid.

Upon a review of the record, this Court notes that the plaintiff testified that he is deaf in his left ear and that his hearing impairment causes him significant difficulty finding work. Plaintiff stated that he can hear some things in his right ear with a hearing aid as long as there is no background noise but that he cannot hear anything when there is background noise, even with a hearing aid. (Tr. 443-444.) The plaintiff stated that he has the most difficulty hearing people with low voices. Id. The plaintiff had a hearing aid but is lacking sufficient funds to replace it.

This Court finds that the ALJ did not determine the plaintiff's residual functional capacity regarding his ability to hear without a hearing aid. The ALJ determined that the plaintiff's residual functional capacity was limited to work with low background noise because of the plaintiff's ability to hear with a hearing aid. This Court finds that the ALJ should have separately evaluated the credibility of the plaintiff's limitations in hearing without his hearing aid.

Where a person has limitations that may improve with treatment, but the person is unable to afford that treatment, the ALJ may not penalize the person for his lack of means. Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986). In this action, there appears to be no dispute that the plaintiff's hearing condition could improve with a hearing aid, but the plaintiff's hearing aid broke and he is unable to afford a replacement. Thus,

the ALJ should have evaluated the severity of the plaintiff's alleged limitations in hearing without the hearing aid. It is possible that the plaintiff qualifies for disability benefits without his hearing aid, even though he does not qualify for disability benefits with his hearing aid. Cf. Bailey v. Chater, 68 F.3d 75, 79-80 (4th Cir. 1995). Based on the facts and law stated above, this Court finds that substantial evidence supports the ALJ's credibility determination up to the time the plaintiff lost the use of his hearing aid. The precise date that the plaintiff lost the use of his hearing aid is unclear. For these reasons, this Court finds that this action must be remanded to the ALJ to determine whether the plaintiff is under a disability after the time he lost his hearing aid, and if so, the date such disability began.

B.   ALJ's Evaluation of Plaintiff's Daily Activities

As stated above, when evaluating a plaintiff's credibility regarding subjective limitations, the ALJ should consider evidence of daily activities. Craig, 76 F.3d at 595. Evidence of significant daily activities may show that a plaintiff is not disabled. Hunter, 993 F.2d at 35.

This Court finds that the ALJ did not err in relying upon the plaintiff's daily activities in determining whether the plaintiff's symptoms were credible.

9

The plaintiff asserts that the ALJ should not have considered the evidence that he drives his wife to work because his wife is the only household member who is working and the family needs her income to survive; the small number of times he has been hunting and fishing because it fails to demonstrate a significant level of ability; the fact that he cares for his children because he has difficulty with this due to his hearing loss; and that he participated in a demolition derby because, as he admitted, it was a stupid thing to do and he only did it to fulfill a lifelong dream. (Pl.'s Mot. for Summ. J. at 11-12.)

This Court finds that the plaintiff's explanations of why the ALJ should not consider these activities lack merit. Plaintiff's explanations do not negate the fact that he retains the ability to perform these activities, and thus, they are proper for consideration in determining the plaintiff's credibility. For example, while the plaintiff argues that he drives his wife to work because his family needs her income to survive, it does not negate that fact that he has the ability to drive her to and from work everyday. The ALJ must take all of the plaintiff's activities, including those that are not on a frequent basis into consideration because the plaintiff retains the ability to perform these activities. This Court further finds that the ALJ considered how the plaintiff's hearing and mental impairments affect his ability to care for his children. The ALJ is entitled to view the

plaintiff's seven hour per day child care as mitigating against the disabling symptoms.

This Court finds that the ALJ should consider all of the plaintiff's activities in determining whether the plaintiff's symptoms are credible. Thus, the plaintiff's contentions that the ALJ erred by considering the plaintiff's ability to drive his wife to work, watch his children seven hours a day, hunt and fish occasionally and be able to participate on a one-time basis in the demolition derby lack merit. Accordingly, the Commissioner's motion for summary judgment must be granted with respect to the ALJ's evaluation of the plaintiff's daily activities.

## V. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that plaintiff's motion to summary judgment is hereby GRANTED IN PART and DENIED IN PART and this civil action is REMANDED to the ALJ for consideration of whether the plaintiff was under a disability after he lost the use of his hearing aid. Further, it is hereby ORDERED that the Commissioner's motion for summary judgment is hereby GRANTED IN PART and DENIED IN PART for the reasons set forth above.

It is further ORDERED that, pursuant to 42 U.S.C. § 405, this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    May 23, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE